UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

__George W. Scholz_____ )
_____ )
_____ )
_____ )    CIVIL ACTION
(Name of the plaintiff or plaintiffs))
                                    )
v.)                                 )    NO. 16-3033
                                    )
_The Salvation Army USA_____ )
                                    )
_____ )
                                    )
_____ )
(Name of the defendant or defendants))

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. Plaintiff **X** DOES demand a jury trial.

## I. PARTIES

2. The plaintiff is George W. Scholz _____, whose street address is 2200 Maine Street _____,

(city)_Quincy_____ (state)__IL_____ (ZIP)_62301__

(Plaintiff's telephone number)(_217) 316–4738_____

3. The defendant is _The Salvation Army USA_____,
   whose street address is _10 W. Algonquin Rd._____ (10 W. Algonquin),

(city)_Des Plaines_____ (state)__IL_____ (ZIP)_60018__

(Defendant's telephone number)(847) 294–2290_____

4. The alleged discrimination occurred at The Salvation Army Kroc Center and Kroc Church, 405 Vermont St.

(city)_Quincy_____ (state)__IL_____ (ZIP)62301_____

5. The plaintiff [*check one box*]

(a) was denied employment by the defendant.

(b) was hired and is still employed by the defendant.

(c) **X** was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) July, (day) 8, (year) 2011.

## II. JURISDICTION

7. Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

   **X** Age (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

   Color (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   Disability (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

   National Origin (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   Race (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   Race (42 U.S.C. § 1981)

   **X** Religion (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   Sex/Gender (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   Sex/Gender (Equal Pay Act, 29 U.S.C. § 206)

   Use of Leave (Family and Medical Leave Act, 29 U.S.C. § 2611)

   **X** Other (list): _Retaliation_

8. Plaintiff **X HAS** filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

9. Plaintiff **X HAS** filed a charge before the Illinois Department of Human Rights (IDHR) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

2

10. Plaintiff **X** HAS received a Right to Sue Notice.  If yes, Plaintiff's Right to Sue Notice was received on or about (date) <u>December 15, 2015 (was sent to wrong address on or about November 11 by EEOC who had correct updated address. Plaintiff Sold 1348 South 28th March of 2013.EEOC resent to correct address December 8,2015. Please see incorrect address on letter. Have requested EEOC letter confirming did not receive until post 12/08/15.</u>

**[Attach copy of Notice of Right to Sue to this complaint.]**

### III. FACTS IN SUPPORT OF CLAIM

11. The defendant intentionally discriminated against Plaintiff [*check only those that apply*]:

   (a)     by failing to hire the plaintiff.

   (b) **X** by terminating the plaintiff's employment.

   (c) **X** by failing to promote the plaintiff.

   (d) **X** by failing to stop harassment;

   (e)     by failing to reasonably accommodate the plaintiff's disabilities.

   (f)     by failing to reasonably accommodate the plaintiff's religion.

   (g) **X** by retaliating against the plaintiff because the plaintiff did something to assert rights protected by the laws;

   (h) **X** by coercing, intimidating, threatening or interfering with the plaintiff's exercise or enjoyment of rights;

   (i) **X** with respect to the compensation, terms, conditions, or privileges of employment;

   (j) **X** other (specify):  Constructive Discharge.

3

12. State here briefly and as clearly as possible the essential facts of your claim. Describe precisely how each defendant in this action is involved. Give dates and places. Concentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights. It is not necessary to make legal arguments or cite any cases or statutes. On or about July 8, 2011 Chad Rodgers, Director of The Salvation Army Kroc Center, refused to hire or even consider hiring plaintiff in a very short meeting that was supposed to be an interview at the old St. Boniface Church (temporary Army Headquarters).Rodgers made many references to plaintiff's age. These statements were witnessed by the plaintiff and Mike Lowes, Human Resources Director for the Army. Lowes, as HR Director, immediately apologized to plaintiff after the meeting and sent apology memo on Monday, July 11 ,2011. Please see attached memo from Lowes in IDHR/EEOC Complaints. Rodgers also made at least one Religious reference. Plaintiff was, months later, on October 3, 2011, hired in an entirely different position and entirely different department by Lowes as HR Director, Patty Douglas and Major Dan Jennings. Plaintiff was warned by both Douglas and Lowes, in separate meetings, that Rodgers may be out to get plaintiff. Please see plaintiff's signed Performance Evaluation attached. Plaintiff performed all of his duties and many more in an exemplary fashion and was praised at all times for his performance. However, starting as early as October of 2011 and continuing, there was Religious Pressure and Religious Discrimination from Major Dan Jennings (and Paul Luhn) to convert. These occurred in the Salvation Army Kroc Center and the Kroc Church and were witnessed by Lynne Scholz. Both Major Jennings (with a Salvationist friend and volunteer) and Paul Luhn invited themselves and attempted to meet with plaintiff and his wife at their home. Jennings called plaintiff on a Sunday at home to invite himself and his Salvationist again. This continued in October, September and December of 2011 and Jennings pressured plaintiff and his wife to bring their family and friends to Salvation Army Kroc Church. This pressure, this discrimination and these attempts were discussed with Patty Douglas, plaintiff's supervisor in all of those months in her office at the Kroc Center and also with plaintiff's wife who witnessed some but not all. Additionally, Jennings pressured plaintiff to speak at Kroc Church and give testimony, to attend meetings after Church and on Sunday afternoon to study and learn the Salvation Army Doctrine and to ask Church Attendees to give money to the Salvation Army. On March 6, 2014 in IDHR "fact finding" meeting in the Quincy City Council Chambers (8th and Maine) Jennings confirmed all of the above. Plaintiff (back in 2011/12) complained to Patty Douglas in her office and they agreed that plaintiff did not have to attend the meetings on The Salvation Army Doctrine or ask for money at the Salvation Army Kroc Church. Plaintiff complained and discussed with Douglas, in her office, multiple times over many months. There were also constant references to plaintiff's age, energy and "white hair" from a number of Salvation Army employees in Chad Rodgers department, the Operations Department. Specifically Brian Silverstein, Angie Duerr and Rodgers himself. These occurred in the Kroc Center and Kroc Church offices (open office, all together with partitions).Also in the hallways (with Brian Silverstein) and in CPR Meetings and

4

Demonstrations in the Kroc Center Party Rooms just adjacent to the Kroc Center Pool. The exact date of the CPR Accreditation can be obtained from the records but occurred early on in plaintiff's tenure, possibly in November or December or early January. The age comments and Age Discrimination never let up. In August and September of 2012, Director Chad Rodgers attempted to discipline plaintiff multiple times in Patty Douglas office with no grounds other than Age Discrimination and to set plaintiff up for discharge, as Douglas and Lowes had warned. Douglas refused and plaintiff complained. On Friday September 14, 2012 plaintiff complained again to his Supervisor, Patty Douglas, in her office, of these discriminatory attempts to discipline by Rodgers, constant ageist remarks, belittling, Age Discrimination, Religious Discrimination and more. Plaintiff further stated that he would be taking his complaints to Major Jennings the week of September 24-28. For the next two weeks but especially on or about Sept. 20-21 (first accusation of stealing items from Lowes/Douglas) and continuing September 24-28 defendant retaliated by increasing their scrutiny of the plaintiff, creating an extremely hostile working environment and conspiring within the offices of the Kroc Center to concoct a long list of false, inflammatory and malicious "misdeeds" by the plaintiff, including accusations of criminal activity and stolen property. Douglas, Lowes, Rodgers (others) conspired and retaliated especially the week of September 24-28 in retaliation for the complaints made to Douglas by the plaintiff on Friday September 14, 2012. Lowes and Douglas further retaliated, unloaded and shocked plaintiff with this lengthy list of supposed and gross misdeeds, including criminal activity in the form of a long list of stolen property, at approximately 8:10 Friday morning September 28 in Douglas office. Because of the increased scrutiny, harassment, and hostile working environment plaintiff attempted to resign his position and take a resignation letter and complaints up to Major Dan Jennings. Lowes and Douglas refused all appeals of plaintiff to take his complaints to Jennings. Plaintiff verbally and strongly denied all of the false charges and criminal accusations immediately in that meeting on Friday Sept. 28 and in writing that very day. Later in the same day and ignoring plaintiff's unequivocal denials, defendant further retaliated and published their criminal accusations by calling and harassing/intimidating plaintiff's wife, Lynne Scholz, at Berrian Elementary School where she is a teacher/counselor. Defendant soon knew that plaintiff had not stolen a thing but continued to retaliate, continued to rely on, publish and relay/list these false charges to Salvation Army members (perhaps others outside the army and Kroc Center), including Rick Fingerlin, District Human Resources Director with the Salvation Army. All now knew or should have known of the many false charges and that absolutely NO items were stolen, including Rick Fingerlin. However, despite plaintiffs strong denials in writing of all of the retaliatory charges and facts provided by the plaintiff, Fingerlin found "no error" with defendant's false charges (totally ignored plaintiff's rebuttals and facts) and plaintiff was terminated (or constructively discharged) on or about October 15, 2012. Defendant continued and continues to retaliate by withholding legitimate expenses and additional monies due the plaintiff and have continued to embrace their conspiracy and retaliation. Further, defendant has attempted to enhance their retaliation with additional,

<u>post termination falsehoods, fabrications and false charges even while "backing off", walking back, attempting to revise history and the fact they accused plaintiff of stealing.</u>

13.  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    a.    Direct the defendant to hire the plaintiff.
    b.    Direct the defendant to re-employ the plaintiff.
    c     Direct the defendant to promote the plaintiff.
    d.    Direct the defendant to reasonably accommodate the plaintiff's religion.
    e.    Direct the defendant to reasonably accommodate the plaintiff's disabilities.
    f.    Direct the defendant to (specify): _____

    g. X    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    b. X    Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

_George W. Scholz_____
(Plaintiff's name)

_____

_2200 Maine Street_____
(Plaintiff's street address)

(City)_Quincy_____ (State)__IL_____ (ZIP)_62301__

(Plaintiff's telephone number) (217) – _316-4738_____

Date: _02/03/2016_____

6

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | George W. Scholz<br>1348 South 28th St<br>Quincy, IL 62301 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2013-02204 | Kimberly M. Engram,<br>Investigator | (312) 869-8035 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*    11-6-15

Julianne Bowman,    (Date Mailed)
District Director

Enclosures(s)

cc:    THE SALVATION ARMY USA
       c/o Jennifer Winkling, Attorney
       Scholz, Loos, Palmer, et al LLP
       625 Vermont Street
       Quincy, IL 62301



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
Direct Dial: (312) 869-8000
TTY: (312) 869-8001
FAX: (312) 869-8077

December 8, 2015

Mr. George Scholz
2200 Maine Street
Quincy, Il 62301

Dear Mr. Scholz:

This is in response to your emails dated November 10, 2015, November 18, 2015, and November 30, 2015, concerning the charge of employment discrimination filed with the Equal Employment Opportunity Commission (EEOC) against the Salvation Army (EEOC Charge No. 21B-2013-02204).

While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. We have reviewed the handling of your charge in light of your expressed concerns. Our review of the investigative file and the additional information you submitted, however, does not indicate a basis to reconsider the final determination issued for your charge. There are no indications that further investigation would disclose a violation of one of the statutes enforced by the EEOC.

On November 6, 2015, a Notice of Right to Sue was issued to you at your request (Notice). The final Notice you received described your right to pursue the matter in court by filing a lawsuit within 90 days of your receipt of the Notice. This 90 day period for filing a private lawsuit cannot be waived, extended or restored by the EEOC.

Enclosed are copies of Notice and the Charge of Discrimination. We hope this information is helpful to you.

Sincerely,

Julianne Bowman
District Director

Enclosure(s)

*[Handwritten annotations: "to 134 F sup 2d" and "Plaintiff will swear under oath only received Notice of Right to Sue w/ this letter on or about December 15, 2015. In an abundance of caution we are filing way early."]*

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: George W. Scholz<br>1348 South 28th St<br>Quincy, IL 62301 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2013-02204 | Kimberly M. Engram,<br>Investigator | (312) 869-8035 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Julianne Bowman_,
District Director

11-6-15
(Date Mailed)

Enclosures(s)

cc: THE SALVATION ARMY USA
c/o Jennifer Winkling, Attorney
Scholz, Loos, Palmer, et al LLP
625 Vermont Street
Quincy, IL 62301